UNITED STATES DISTRICT COURT          JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 20-4277-DMG (MRWx)** | Date | June 29, 2020 |
|---|---|---|---|

| Title | *Somera Capital Management, LLC v. Twin City Fire Insurance Company* | Page | 1 of 6 |
|---|---|---|---|

Present: The Honorable     DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE PLAINTIFF'S MOTION TO REMAND [10]**

This matter is before the Court on the Motion to Remand ("MTR") filed by Plaintiff Somera Capital Management, LLC. [Doc. # 10.] The MTR is now fully briefed. Opp. [Doc. # 11]; Reply [Doc. # 12]. For the reasons set forth below, the MTR is **GRANTED**.

**I.
FACTUAL AND PROCEDURAL BACKGROUND**

On December 14, 2018, Plaintiff filed a complaint in the Superior Court of the State of California, County of Santa Barbara, against Defendant Twin City Fire Insurance Company ("Twin City"), alleging: (1) breach of contract, and (2) breach of the covenant of good faith and fair dealing. Jackson Decl., Ex. A ("Compl.") at ¶¶ 43–51 [Doc. # 10-3]. Plaintiff purchased professional liability coverage from Twin City through Defendant The Swett & Crawford Group, Inc. ("Swett"), an insurance broker. *Id.* at ¶ 16. When Plaintiff was sued by a third-party for breach of contract and other claims, it tendered the lawsuit to Twin City for coverage. *Id.* at ¶¶ 12–13, 28. Plaintiff's allegations arise from Twin City's denial of coverage based on two exclusions: (1) a property management exclusion, and (2) a breach of contract exclusion. *See Id.* at ¶¶ 30–32. Plaintiff also brought three causes of action against Swett, for: (1) negligence, (2) negligent misrepresentation, and (3) declaratory relief. Compl. at ¶¶ 52–68. Twin City filed an Answer to the initial Complaint on January 22, 2019. Notice of Removal, Ex. 2 at 29–41 [Doc. # 1].[1] Plaintiff filed a First Amended Complaint ("FAC") on May 9, 2010, alleging the same causes of action against the same defendants. Jackson Decl., Ex. B [Doc. # 10-4].

On October 11, 2019, Twin City withdrew its denial of coverage on the basis of the property management exclusion. Jackson Decl., Ex. C [Doc. # 10-5]. On January 10, 2020, the state court, on cross-motions for summary judgment and summary adjudication, ruled that the

---

[1] All page references herein are to page numbers inserted by the CM/ECF system.

UNITED STATES DISTRICT COURT     JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 20-4277-DMG (MRWx)** | Date | June 29, 2020 |
|---|---|---|---|
| Title | *Somera Capital Management, LLC v. Twin City Fire Insurance Company* | Page | 2 of 6 |

breach of contract exclusion was not a valid basis for Twin City' denial of coverage. Jackson Decl., Ex. D ("Ord. on MSJ") [Doc. # 10-6].

On May 6, 2020, Plaintiff filed a request for dismissal of Swett, which the court granted. Jackson Decl., Ex. E [Doc. # 10-7]. Twin City then removed the case to this Court on May 12, 2020 on the basis of diversity jurisdiction because, without Swett, the parties are completely diverse.[2] Twin City asserts that although more than one year has passed since Plaintiff filed the Complaint, the removal is proper because Plaintiff acted in bad faith by maintaining Swett as a defendant for the purpose of preventing removal until the statutory one-year removal period expired. *See* Notice of Removal; 28 U.S.C. § 1446(c)(1). Plaintiff filed the instant MTR on May 29, 2020. [Doc. # 10.] It is now fully briefed. *See* Opp. [Doc. # 11]; Reply [Doc. # 12].

## II.
## DISCUSSION

A defendant may not remove a case on the basis of diversity of citizenship "more than [one] year after commencement of the action, unless the district court finds that the plaintiff acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1). The bad faith exception, as distinct from the doctrine of fraudulent joinder, applies to "plaintiffs who joined—and then, after one year, dismissed—defendants [whom] they could keep in the suit, but that they did not want to keep in the suit, except as removal spoilers." *Aguayo v. AMCO Ins. Co.*, 59 F. Supp. 3d 1225, 1266 (D.N.M. 2014). Determining whether a plaintiff has acted in bad faith to prevent removal necessarily involves looking into the plaintiff's subjective intent, as the text of section 1466(c)(1) "strongly suggest[s] intentionality and purpose." *Id.*

The Ninth Circuit has yet to address the applicable standard for the bad faith exception under section 1446(c). *See Kolova v. Allstate Ins. Co.*, ___ F. Supp. 3d ___, 2020 WL 614653, at *3 (W.D. Wash. Feb. 10, 2020) ("[T]he Ninth Circuit has not defined a standard for district courts to use when evaluating the 28 U.S.C. § 1446(c)(1) bad faith exception . . . ."). District courts have engaged in two different, but related, inquiries when considering this question. The Court discusses them both.

---

[2] Plaintiff is a California citizen. Twin City is incorporated in Indiana with its principal place of business in Connecticut. Notice of Removal at ¶ 8. Swett is incorporated in California. Compl. at ¶ 4.

UNITED STATES DISTRICT COURT     JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 20-4277-DMG (MRWx)** | Date | June 29, 2020 |
|---|---|---|---|
| Title | *Somera Capital Management, LLC v. Twin City Fire Insurance Company* | Page | 3 of 6 |

### A. The *Heacock* Test

District courts in the Ninth Circuit often consider the so-called *Heacock* factors when evaluating bad faith: "[t]he timing of naming a non-diverse defendant, the timing of dismissal, and the explanation given for that dismissal." *See, e.g., Kolova*, 2020 WL 614653, at *3 (quoting *Heacock v. Rolling Frito-Lay Sales, LP*, No. C16-0829-JCC, 2016 WL 4009849, at *3 (W.D. Wash. July 27, 2016)). All three factors favor remand in this case. First, while a plaintiff's decision to add a non-diverse defendant in response to a defendant's attempt to remove an action may be evidence of bad faith, that is not the case here. Plaintiff included Swett in this action from the outset. *See* Compl.

Second, Plaintiff dismissed Swett 17 months into the lawsuit. Opp. at 10. Courts in this circuit have found that voluntary dismissals of non-diverse plaintiffs after similar time periods are inconsistent with bad faith. *See, e.g., Kolova*, 2020 WL 614653, at *3 (dismissal after 18 months); *NKD Diversified Enters., Inc. v. First Mercury Ins. Co.*, 2014 WL 1671659, at *5 (E.D. Cal. Apr. 28, 2014) (dismissal after 15 months). Indeed, even if Plaintiff had dismissed Swett immediately after the state court's summary adjudication ruling, the one-year deadline for removal outlined in 28 U.S.C. section 1446(c)(1) already would have expired. There was therefore no jurisdictional benefit in waiting the additional months to dismiss Swett.

Third, Plaintiff explains that it dismissed Swett in response to the state court's January 2020 ruling that the insurance policy's breach of contract exclusion did not justify denying coverage. MTR at 6. Indeed, Plaintiff alleges that its causes of action against Swett arose out of the potential for Twin City to prevail "on its no coverage position" due to a coverage exclusion for damages arising out of a breach of contract, given that Swett had been tasked with procuring a policy that would protect Somera against disputes arising from professional services contracts. FAC at ¶ 54. Plaintiff contends that, once the state court determined at summary judgment that the breach of contract exclusion did not justify Twin City's denial of coverage, Plaintiff no longer had a reason to seek relief from Swett. Reply at 5.

Twin City contends that Plaintiff's position is legally deficient because the "state court's summary adjudication ruling did not make a finding of coverage under the Twin City policy." Opp. at 11. But the Court need not relitigate the merits or the impact of the state court's summary judgment ruling to resolve this motion. Even assuming that Twin City is correct that an exclusion other than the breach of contract exclusion justifies its denial of coverage, Plaintiff's argument is reasonable—once the court determined the outcome of Plaintiff's claims relating to the *specific* exclusion that potentially could have given rise to Swett's liability,

UNITED STATES DISTRICT COURT  **JS-6 / REMAND**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 20-4277-DMG (MRWx)** | Date | June 29, 2020 |
|---|---|---|---|

| Title | *Somera Capital Management, LLC v. Twin City Fire Insurance Company* | Page | 4 of 6 |
|---|---|---|---|

Plaintiff took action to streamline the case appropriately. The Court also need not determine whether Plaintiff's decision was wise from a litigation strategy standpoint. Even assuming it was not, the Court cannot exempt Twin City from the one-year removal rule for Plaintiff's unsound strategic decisions. It can do so only upon a finding of subjective bad faith. Absent bad faith, Plaintiff was well within its rights to dismiss Swett from the action. Cal. Civ. Proc. Code § 581(c) (plaintiffs have the right to dismiss any part of a complaint, "with or without prejudice prior to the actual commencement of trial."); *cf. Pedrina v. Chun*, 987 F.2d 608 (9th Cir. 1993) (Fed. R. Civ. P. 41(a)(1) gives a plaintiff the absolute right to voluntarily dismiss a single defendant).

Defendant also argues that several of Plaintiff's other litigation decisions reflect its bad faith. But Plaintiff has effectively explained or rebutted each of Twin City's contentions. *See* Reply at 6-8. For example, Twin City argues that Plaintiff never held Swett accountable for failing to answer the FAC by requesting a default against Swett, but Twin City also failed to answer the FAC, and Plaintiff sought no default against Twin City either. Hayes Decl. at ¶ 4 [Doc. # 11-1]; Jackson Decl. at ¶ 3 [Doc. # 12-1]. Twin City claims that Swett did not participate in the meet and confer session before the case management conference, but Plaintiff claims the opposite is true. Hayes Decl. at ¶ 5; Jackson Decl. at ¶ 4. Twin City contends that Plaintiff never served discovery on Swett, but it appears that Plaintiff elected not to serve discovery on *either Defendant*. Hayes Decl. at ¶ 6; Jackson Decl. at ¶ 5. Twin City argues that Swett did not participate in the April 2020 pre-trial mediation session, but the state court decided the summary judgment motions in January 2020 and Plaintiff claims that Swett's attendance was no longer necessary because "it was clear that Swett could not be responsible for damages" at that point. Hayes Decl. at ¶ 7; Jackson Decl. at ¶ 7. Accordingly, none of these events suggest that Plaintiff acted in bad faith to include Swett in the case only to run out the one-year removal clock. The *Heacock* factors therefore weigh in favor of granting Plaintiff's MTR.

**B.      The *Aguayo* Test**

Other district courts employ a different two-step inquiry into whether a litigant has acted in bad faith. They consider whether : (1) "the plaintiff actively litigated against the removal spoiler in state court," and (2) "the plaintiff would not have named the removal spoiler or would have dropped the spoiler before the one-year mark *but for* the plaintiff's desire to keep the case in state court." *Aguayo*, 59 F. Supp. 3d at 1262–63 (emphasis added). The *Aguayo* court defined "active litigation" broadly, noting that while discovery is often the most relevant factor, "the plaintiff can satisfy the standard even if he or she did not take discovery if he or she engaged in any other form of active litigation." *Id.* at 1275.

UNITED STATES DISTRICT COURT     **JS-6 / REMAND**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 20-4277-DMG (MRWx)** | Date | June 29, 2020 |
|---|---|---|---|
| Title | *Somera Capital Management, LLC v. Twin City Fire Insurance Company* | Page | 5 of 6 |

      Twin City does not address these factors explicitly, but it argues that Plaintiff never actively litigated against Swett. Hayes Decl. at ¶¶ 4–6. But that argument is unconvincing. Unlike in *Heller v. Am. States Ins. Co.*, which Twin City cites in support of its argument, Plaintiff served Swett within four months of commencing the action. 2016 WL 1170891, at *3 (C.D. Cal. Mar. 25, 2016) (emphasizing that the plaintiff did not provide a reasonable explanation for why a non-diverse defendant was never served the complaint); Jackson Decl. at ¶ 2. As discussed above, Plaintiff met and conferred with Swett before the case management conference and, while it did not serve written discovery on Swett, it did not serve any such discovery on Twin City either. Under the *Aguayo* test, plaintiffs receive a presumption of good faith, that removing defendants must rebut with a "smoking gun or close to it." *Aguayo*, 59 F. Supp. 3d at 1277. That standard is consistent with Ninth Circuit authority establishing a "strong presumption against removal jurisdiction." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (holding that courts should remand cases "if there is any doubt as to the right of removal in the first instance"). The inferences that Twin City draws based on Plaintiff's litigation decisions do not clear that high hurdle with respect to either prong of the *Aguayo* test. The *Aguayo* test therefore favors remand as well.

      Moreover, the Court finds that adjudicating this action in federal court would waste judicial resources and create litigation inefficiencies, given that the parties have already spent 17 months litigating the case in state court and have now passed the summary judgment stage. *See Zbranek v. Hofheinz*, 727 F. Supp. 324, 326 (E.D. Tex. 1989) (stating that "a federal court is bound to consider the stage of the state court litigation in ruling on a motion to remand" and consider whether it would waste judicial resources after parties have already engaged in extensive motion practice in state court); *Burns v. Prudential Sec., Inc.*, 450 F. Supp. 2d 808, 811 ("Removal is disfavored in the late stages of litigation."); *see also Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, (9th Cir. 1998) (noting that the reason for the one-year deadline is to discourage removal when "substantial progress has been made in state court." (citation and internal quotation marks omitted)).

### III.
### CONCLUSION

      In light of the foregoing, Plaintiff's MTR is **GRANTED**. The case is hereby **REMANDED** to Santa Barbara County Superior Court.

**IT IS SO ORDERED**.